UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SUSAN AWUGAH, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>KEY BANK NATIONAL )<br>ASSOCIATION, )<br>)<br>      Defendant ) | No. 2:12-cv-97-DBH |

**ORDER ON DEFENDANT'S APPEAL OF THE**
**MAGISTRATE JUDGE'S ORDER**

The time for demanding a jury trial in a case removed to federal court from state court has bedeviled lawyers in this District since at least 1983. But the case-law interpreting the Rule on timeliness is pellucid, as I show below. And if the demand is late, as it is here, the party seeking relief from the deadline must deal with Fed. R. Civ. P. 6(b)(1) for extensions of time, or Rule 39(b) allowing a court to order jury trial when it was not properly demanded. The party making the jury demand (here the plaintiff) has not invoked the court's authority under either of those Rules. Thus, I sustain the defendant's objection to the Scheduling Order and strike the jury demand.

Fed. R. Civ. P. 81(c)(3) says that where a party has already demanded a jury trial in the state court papers, there is no need to renew the demand in federal court. But where, as here, there was no demand in the state court papers, "[i]f the state law did not require an express demand for a jury trial, a

party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A).  In 1983, however, Judge Carter ruled that Maine state law <u>does</u> require an express demand for a jury trial, and therefore that the quoted provision (somewhat reworded since then, but not affecting this issue) does not apply.  <u>Bonney v. Canadian Nat'l Ry. Co.</u>, 100 F.R.D. 388, 392 (D. Me. 1983).[1]  The vitality of the <u>Bonney</u> holding has been recognized repeatedly and recently.  <u>See, e.g.</u>, <u>Lundy v. Nestle Waters North America, Inc.</u>, 2009 WL 2767715, at *1-*2 (D. Me. Aug. 28, 2009); <u>Raymond v. Lane Const. Corp.</u>, 2007 WL 3348286, at *1 (D. Me. Nov. 7, 2007); <u>Pastula v. Lane Const. Corp.</u>, 2006 WL 462350, at *3 (D. Me. Feb. 23, 2006).  Accordingly, in a case removed to federal court in Maine, a jury demand must be made.  And if all necessary pleadings were already served at the time of removal, as they were here, Rule 81(c)(3)(B) requires that the demand be made in federal court within 14 days after filing or service of the notice of removal.  This plaintiff missed that deadline.

The plaintiff has offered no excuse for the delay, arguing instead for a different reading of Rule 81(c)(3).  <u>See</u> Objection to Scheduling Order at 2 (ECF No. 7).  The mistaken reading is insufficient.  <u>See</u> <u>Bonney</u>, 100 F.R.D. at 392; <u>Harris Baking Co. v. S.B. Thomas, Inc.</u>, 585 F. Supp. 750, 752 (D. Me. 1984).  I recognize that some recent Magistrate Judge decisions have required, as in this

---

[1] What confuses lawyers is that Maine does not require a jury demand in the complaint.  When a plaintiff must file a jury trial demand in an action is determined by the Maine Superior Court's scheduling order.  <u>See</u> M.R. Civ. P. 38(b); 3 Charles Harvey, <u>Maine Practice: Maine Civil Practice</u> § 38.3 (3d ed. 2011) ("By abandoning the federal model of routinely incorporating a jury demand in the pleadings to avoid waiver, the Maine rules have sought to permit the parties to refine the issues before deciding that the case involves issues that can and should be tried to a jury.").  But Maine does require a demand, as Judge Carter ruled in <u>Bonney</u>.

case, that the objecting party show prejudice from the late demand when the lateness is not egregious, Lundy, 2009 WL 2767715, at *2; Raymond, 2007 WL 3348286, at *1; but see Pastula, 2006 WL 462350, at *3.  But the question of prejudice arises in connection with a motion for extension of time under Rule 6(b)(1) (no such motion has been filed here) or in assessment of the discretionary application of Rule 39(b), a Rule not invoked here.  The burden does not shift immediately to the objecting party to show prejudice when a late jury demand is filed.[2]

Accordingly the defendant's objection to the Magistrate Judge's ruling is **SUSTAINED** and the plaintiff's request for a jury trial is **STRICKEN**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF JULY, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] Rule 39 provides in part:
>    (b) . . . Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.
>    (c) . . . .In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury.

There is some discussion of the court's discretion under rule 39(b) in Bonney, 100 F.R.D. at 394.  See also Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 199-200 (1st Cir. 1987) (abrogated on other grounds by Iacobucci v. Boulter, 193 F.3d 14, 27 (1st Cir. 1999)); Moores v. Greenberg, 834 F.2d 1105, 1108-09 (1st Cir. 1987); Davis v. Bath Iron Works, 966 F.2d 1440, at *1 (1st Cir. 1992); Pastula, 2006 WL 462350, at *3; Harris Baking Co. v. S.B. Thomas, Inc., 585 F. Supp. 750 (D. Me. 1984); French v. Fleet Carrier Corp., 101 F.R.D. 369 (D. Me. 1984).  But neither that discretion nor the court's authority to appoint an advisory jury has been invoked here, so I do not address whether they apply.