UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SUSAN AWUGAH, ) | |
| ) | |
|       Plaintiff ) | |
| ) | |
| v. ) | No. 2:12-cv-97-DBH |
| ) | |
| KEY NATIONAL BANK ) | |
| ASSOCIATION, ) | |
| ) | |
|       Defendant ) | |

**REPORT OF PRE-FILING CONFERENCE UNDER RULE 56**

A pre-filing conference was held on October 23, 2012.

The defendant KeyBank is contemplating whether to file a motion for summary judgment on the plaintiff Awugah's complaint under the Maine Whistleblower Protection Act. The plaintiff clarified that the only claim in this case is her whistleblower claim under the Maine Whistleblower Protection Act.

The conference focused on two primary issues that the motion will address: whether the plaintiff had an objective, good-faith belief that the signing of Verifone terminals on behalf of clients was illegal; and whether the defendant fired the plaintiff for merely pretextual reasons, or instead acted in accordance with a strict "two-strike policy" and fired her for failing to properly secure an ATM machine for the second time. The defendant argues that the plaintiff's belief that the Verifone signings were criminal was not objectively reasonable (that perhaps they amounted to bad practice or at most common-law fraud), and will present evidence that the "two-strike policy" was a well-

established and strictly implemented rule with only one or two exceptions in the past ten years.  The plaintiff in turn plans to introduce evidence that she believed in good faith that the conduct was illegal, that she was not responsible for failing to secure the ATM (the conduct for which she was allegedly disciplined), and that failure to secure an ATM is not always a basis for termination (through depositions from other managers).

I suggested that this does not appear to be a strong case for summary judgment given the plaintiff's apparent ability to show issues of material fact, and also because any trial in this case would be in the form of a bench trial, giving this court the ability to render a judgment on partial findings under Fed. R. Civ. P. 52(c) if appropriate.

The following deadlines were established by agreement:

November 16, 2012:  the defendant's brief is due.

December 14, 2012:  the plaintiff's response is due.

December 28, 2012:  the defendant's reply, if any, is due.

**SO ORDERED.**

**DATED THIS 14TH DAY OF NOVEMBER, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE**