UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SUSAN AWUGAH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:12-cv-97-DBH |
| ) | |
| KEY BANK NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant ) | |

PROCEDURAL ORDER

In this Maine Whistleblower Protection Act claim, the defendant has moved for summary judgment. In her response, the plaintiff seizes on the defendant's statement in its moving papers that it is moving for summary judgment because the plaintiff cannot make her prima facie case. Def.'s Mot. for Summ. J. at 3 (ECF No. 22). On the causation issue, the plaintiff responds that she has made the prima facie case on account of the timing of her termination and that she does not need to show pretext in the prima facie case. Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. at 16-17 (ECF No. 28). Some of the cases support the plaintiff's argument that she need not demonstrate pretext in the prima facie case. "[W]e cannot 'consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case.'" Meléndez v. Autogermana, Inc., 622 F.3d 46, 51 (1st Cir. 2010). Maine's Law Court, however, has recently clarified the Maine

approach: "When evaluating employment discrimination claims at the summary judgment stage, we apply a three-step, burden-shifting analysis to determine whether (1) the employee has presented prima facie evidence of discrimination; (2) the employer has presented prima facie evidence of a legitimate, non-discriminatory reason for the adverse action; and, in response, (3) the employee has presented prima facie evidence that the employer's proffered reason is pretextual or untrue. . . . This analysis addresses the parties' burdens of production, not persuasion." Fuhrmann v. Staples Office Superstore E., Inc., 2012 WL 6124120, at *3 (Me. Dec. 11, 2012).

In this case, the defendant in fact argued the need to show pretext, Def.'s Mot. for Summ. J. at 7, and cited cases recognizing that inquiry as belonging to the third stage of the summary judgment inquiry, id. at 8 (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822-25 (1st Cir. 1991); DeCaire v. Mukasey, 530 F.3d 1, 19-20 (1st Cir. 2008)).  In its reply brief the defendant makes clear that its summary judgment motion is not limited to the first step of the prima facie case.  Def.'s Reply in Support of Its Mot. for Summ. J. at 3 (ECF No. 32). Moreover, Fuhrmann talks about this third stage as involving the presentation of "prima facie evidence" of pretext or falsity.

I think it is fair, therefore, to treat the defendant as arguing not only that the plaintiff cannot make her prima facie case at stage one, but also as arguing that even if she has met that burden, the record shows that the defendant has articulated a legitimate nondiscriminatory reason for the termination (stage

2

two) and that the plaintiff therefore must show prima facie evidence of pretext or falsity (stage three) to avoid summary judgment. Because the plaintiff was perhaps confused by the defendant's moving summary judgment brief and because <u>Fuhrmann</u> is so recent, I will allow the plaintiff to make an additional filing on this issue by January 25, 2013. The defendant may make any further reply by February 1, 2013.

    **SO ORDERED.**

    **DATED THIS 13TH DAY OF JANUARY, 2013**

                                    /s/D. Brock Hornby
                                    **D. BROCK HORNBY**
                                    **UNITED STATES DISTRICT JUDGE**